# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHARLES BRIAN CURTIN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Criminal Action No. TDC-14-0467
Civil Action No. TDC-17-0803

## MEMORANDUM OPINION

Petitioner Charles Brian Curtin has filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his Motion, Curtin argues that he was improperly designated as a career offender under the United States Sentencing Guidelines ("Guidelines") in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016). Curtin further argues, in a reply brief, that his attorneys rendered ineffective assistance of counsel by failing to object to his career offender designation at sentencing and by failing to raise the issue on appeal. Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts; D. Md. Local R. 105.6. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On October 6, 2014, a federal grand jury returned a five-count Indictment against three defendants in which Curtin was charged in the following three counts: Conspiracy to Distribute and Possess with Intent to Distribute 5 Kilograms or More of Cocaine, in violation of 21 U.S.C.

§ 846 (Count One); Maintaining a Drug-Involved Premises, in violation of 21 U.S.C. § 856(a) (Count Four); and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g) (Count Five). The Indictment arose out of an investigation into drug trafficking in Prince George's County, Maryland which included a wiretap that intercepted Curtin's telephone conversations relating to the distribution of cocaine.

In March 2015, Curtin entered into a plea agreement in which he agreed to plead guilty to Counts One and Five and the Government agreed to dismiss Count Four. The parties agreed that the total offense level would be 29, which included a three-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. The plea agreement provided that there was "no agreement as to [Curtin's] criminal history or criminal history category, and that his criminal history could alter his offense level if he is a Career Offender." Plea Agreement ¶ 7, ECF No. 49.

On March 17, 2015, Curtin pleaded guilty to the Conspiracy and Felon in Possession of a Firearm counts. In the Presentence Investigation Report ("PSR"), the United States Probation Office identified three prior criminal convictions of Curtin in Maryland state court for Possession with Intent to Distribute a Controlled Dangerous Substance, including convictions in 1992, 1999, and 2010. On the 1992 conviction, Curtin received a sentence of 15 years of imprisonment, with 10 years suspended. On the 1999 conviction, he received a sentence of 12 years of imprisonment, with six years suspended. On the 2010 conviction, he received a sentence of five years of imprisonment with four years suspended.

At the sentencing hearing on January 28, 2016, the Court, consistent with the findings in the PSR, found that because Curtin had at least two prior convictions for controlled substance offenses, he qualified as a career offender under U.S.S.G. § 4B1.1(a). Accordingly, the Court

found that his total offense level was 34, his criminal history category was VI, and the applicable Guideline range was 262-327 months. *See* U.S.S.G. § 4B1.1(b). The Court sentenced Curtin to 200 months of imprisonment.

On appeal, Curtin's newly appointed appellate counsel filed a brief with the United States Court of Appeals for the Fourth Circuit pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he stated, "Counsel is of the opinion that there are no legitimate grounds for appeal in this case." Br. Appellant at 12, *United States v. Curtin*, No. 16-4071 (4th Cir. June 29, 2016). Curtin was informed of his right to file a supplemental brief for the appeal but declined to do so. The Fourth Circuit affirmed the conviction and sentence, noting that "[t]he district court correctly calculated Curtin's advisory Guidelines range." *United States v. Curtin*, 662 F. App'x 198, 199 (4th Cir. 2016). Curtin then filed the instant Motion, which is now ripe for disposition.

## DISCUSSION

In his Motion, Curtin seeks to have his sentence vacated on the grounds that he was erroneously classified as a career offender, which led to a higher advisory Guidelines range. Curtin asserts that in light of *Mathis* and related cases, his prior convictions for possession with intent to distribute controlled substances do not qualify as predicate "controlled substances offenses" within the meaning of the career offender guideline. The Government argues that (1) Curtin is procedurally barred from bringing this claim; (2) challenges to the application of the career offender enhancement are not cognizable under § 2255; and (3) Curtin's claim fails on the merits.

## I. Legal Standard

A prisoner in federal custody may move to vacate, set aside, or correct a sentence on the basis that: (1) "the sentence was imposed in violation of the Constitution or laws of the United

States"; (2) the sentencing court lacked jurisdiction; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (2012). The prisoner bears the burden of proof and must establish the claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

## II. Procedural Default

The Government first argues that the Motion is procedurally defaulted because Curtin did not challenge his career offender enhancement at sentencing or on direct appeal. When a petitioner fails to raise a claim on direct appeal, the claims are procedurally defaulted and prisoners are barred from raising them in a § 2255 motion unless they can "demonstrate cause and prejudice, or actual innocence." *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *Id.* (quoting *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999)). To demonstrate actual innocence, a petitioner must establish "factual innocence" such that "petitioner did not commit the crime of which he was convicted" and must do so by clear and convincing evidence. *Pettiford*, 612 F.3d at 282 (quoting *Mikalajunas*, 186 F.3d at 493-94).

Curtin alleges that his counsel was ineffective for failing to object to his career offender designation. An ineffective assistance of counsel claim may be brought for the first time on a § 2255 Motion, *Massaro v. United States*, 538 U.S. 500, 504 (2003), and this claim may serve as the "cause" necessary to overcome a procedural default. *Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009) (considering a § 2255 motion and stating that "[i]neffective assistance of counsel that rises to the level of a Sixth Amendment violation constitutes cause for a procedural default"); *United States v. Haynesworth*, 34 F. App'x 133, 134 (4th Cir. 2002) (stating that

4

"[i]neffective assistance of counsel can constitute cause which, along with prejudice, can excuse" a procedural default on a § 2255 motion).

Curtin does not articulate why his trial and appellate counsel were ineffective beyond stating that they failed to object to his career offender designation. Even assuming that such a barebones recitation would be sufficient to establish cause for his procedural default, Curtin's § 2255 Motion would still fail for the reasons discussed below.

### III. Cognizability

The Government argues that Curtin's challenge of his career offender designation is not cognizable under § 2255. Section 2255 does not allow a petitioner to challenge every possible sentencing error. *See* 28 U.S.C. § 2255(a) (describing four discrete avenues by which a petitioner can obtain relief); *Davis v. United States*, 417 U.S. 333, 346 (1974) (noting that not "every asserted error of law can be raised on a § 2255 motion"). "[I]f an alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to review it unless it amounts to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (quoting *Davis*, 417 U.S. at 346). In order to satisfy this standard, a court must be presented with "exceptional circumstances where the need for the remedy afforded by the writ of *habeas corpus* is apparent." *Foote*, 784 F.3d at 936 (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Curtin's § 2255 Motion fails to meet this high bar. In *Foote*, the defendant was convicted of distribution of crack cocaine and was deemed to be a career offender under the Guidelines based on two prior North Carolina convictions for possession with intent to sell cocaine. *Foote*, 784 F.3d at 932-33. After an intervening change in law arguably would result in one of his prior drug offenses no longer qualifying as a predicate "controlled substance offense" under the career

5

offender guideline, the defendant sought re-sentencing through a § 2255 motion. *Id.* at 935. The Fourth Circuit, however, held that "sentencing a defendant pursuant to advisory Guidelines based on a career offender status that is later invalidated does not meet" the "remarkably high bar" for consideration of a sentencing error on a § 2255 motion. *Id.* at 936. The Fourth Circuit noted that the Supreme Court has only found a "miscarriage of justice" when it appears that the petitioner is actually innocent of the underlying crime. *Id.* at 940-41. Moreover, it reasoned that under the present advisory Guidelines scheme, a career offender designation only informs an "individualized analysis of the sentencing factors," such that a sentencing court is free to deviate from the Guidelines range incorporating the career offender enhancement. *Id.* at 941-43. It thus concluded that a mistaken career offender designation is not a "fundamental defect that inherently results in a complete miscarriage of justice." *Id.* at 940, 942-43.

*Foote* controls here. Curtin has likewise alleged that an intervening change in the law has rendered his career offender designation erroneous. He has not alleged that he is innocent of either the charged offense or any of his underlying predicate offenses, and he was sentenced pursuant to an advisory Guidelines scheme under which the Court conducted a thorough review of the factors set forth in 18 U.S.C. § 3553(a) at sentencing. Curtin's claim of sentencing error is thus not a cognizable claim under § 2255. *See Foote*, 784 F.3d at 943.

The cases cited by Curtin do not alter this conclusion. In *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), the United States Court of Appeals for the Fifth Circuit ordered that the defendant be resentenced after it concluded that one of his Texas criminal convictions did not qualify as a "controlled substance offense" under the Guidelines such that he should not have received a career offender enhancement. *Id.* at 576. However, *Hinkle* was decided on a direct appeal from a sentencing and was therefore evaluated under a *de novo* standard of review, rather

than the "complete miscarriage of justice" standard of a § 2255 motion. *See id.* at 574; *see also United States v. Tanksley*, 848 F.3d 347, 353 (5th Cir. 2017) (remanding for resentencing on direct appeal based on an inappropriately applied career offender designation). *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016), related to a claim that the defendant was improperly subjected to the statutory mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e) (2012), not an enhancement under an advisory Guidelines regime, such that he may have been sentenced above the statutory maximum sentence. *Id.* at 721-24. Although Curtin notes that a panel of the Fourth Circuit held, in a case decided before *Foote*, that a prisoner can challenge a career offender designation on a § 2255 motion, *Whiteside v. United States*, 748 F.3d 541, 548 (4th Cir. 2014), that decision was vacated by the Fourth Circuit sitting *en banc*, *Whiteside v. United States*, 775 F.3d 180, 182 (4th Cir. 2014).

Finally, where Curtin's sentence was issued under an advisory Guidelines scheme, his claim differs from the numerous cases that have been filed in this Court by federal prisoners seeking resentencing because they allege that they erroneously received the career offender enhancement when sentenced under the mandatory Guidelines sentencing system in effect prior to *United States v. Booker*, 543 U.S. 220 (2005). The argument that the misapplication of a career offender designation would constitute a "complete miscarriage of justice" under the mandatory Guidelines sentencing scheme is not available to Curtin. Where none of Curtin's proffered cases disturb the clear holding in *Foote*, the Court finds that Curtin's challenge to his § 2255 Motion is not cognizable.

## IV. Career Offender Designation

Although Curtin's challenge to his career offender designation is not cognizable on a § 2255 motion, construed very liberally, the Motion could be read as alleging that his trial and

7

appellate counsel were constitutionally ineffective when they failed to challenge this designation at sentencing or on appeal. Even if so generously construed, the claim would fail because there has been no showing that the career offender designation was erroneous.

The Sixth Amendment to the United States Constitution affords a criminal defendant the right to "Assistance of Counsel." U.S. Const. amend. VI. A prisoner alleging ineffective assistance of counsel in violation of the Sixth Amendment must ordinarily meet the standard established by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). Under this standard, the prisoner must show both deficient performance and prejudice—that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *id.* at 687, and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

Curtin does not argue that at the time of his sentencing and direct appeal there was any credible argument that he was erroneously classified as a career offender. Rather, he argues that his career offender designation is now improper in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). In *Mathis*, the Supreme Court considered how to determine whether a particular state law crime fits within the definition of a "violent felony" for purposes of applying the 15-year mandatory minimum sentence under the ACCA. *Mathis*, 136 S. Ct. at 2248. The *Mathis* Court held that if a state criminal statute lists multiple, alternative means for committing a single crime, and if any of the alternative means render the statute broader than the generic form of a predicate offense under the ACCA, then a prior conviction for that offense would not qualify as a predicate offense for purposes of the ACCA enhancement. *Id.* at 2253-54. Different means fall within the same crime, rather than defining separate crimes, when the jury need not agree on

which means was actually employed. *Id.* at 2250. For example, a state law that defines an element of burglary as unlawful entry into a "building, structure, or land, water, or air vehicle" listed alternative means for accomplishing that element, and because at least one of these means—unlawful entry into a vehicle—does not fall within the generic definition of burglary, a conviction under that statute is not a predicate conviction under the ACCA. *Id.* at 2250-51.

Curtin has not explained how the holding of *Mathis* applies to his case. To qualify as a career offender under the Guidelines, a defendant must be (1) at least 18 years old at the time the defendant committed the instant offense; (2) the instant offense must be a felony that is either a "crime of violence or a controlled substance offense"; and (3) the defendant must have at least two prior felony convictions of either "a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is further defined as:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Curtin was deemed a career offender because he had three prior convictions for the Maryland crime of "manufacturing, distributing, possession with intent to distribute, or dispensing controlled dangerous substance." Md. Code. Ann., Crim. Law § 5-602 (West 2017) ("section 5-602") (formerly codified as Md. Code. (1957, 1996 Repl. Vol., 2001 Supp.) Art. 27 § 286(a)(1)). This Maryland crime states that a person may not "distribute or dispense a controlled dangerous substance" or "possess a controlled dangerous substance in sufficient quantity reasonably to indicate under all circumstances an intent to distribute or dispense a controlled dangerous substance." *Id.* Each violation is punishable by up to five years imprisonment. Md.

9

Code. Ann., Crim. Law § 5-607 (West 2017) (formerly codified as Md. Code. (1957, 1996 Repl. Vol., 2001 Supp.) Art. 27 § 286(b)(1)).

From this statutory language, it is clear that any two of these convictions qualified him for the career offender designation. The Maryland statute prohibits distributing, dispensing, or possessing with the intent to distribute or dispense a controlled substance and thus tracks the Guidelines definition of a "controlled substance offense," which includes, among other things, distributing, dispensing, or possession with the intent to distribute or dispense a controlled substance. *See* U.S.S.G. § 4B1.2(b), Curtin has not cited, nor is the Court aware of, any Maryland interpretation of section 5-602 that criminalizes "a greater swath of conduct than the elements of" the Guidelines' controlled substance offense. *Mathis*, 136 S. Ct. at 2251.

For these reasons, even if Curtin's § 2255 were cognizable and not procedurally defaulted, it would fail on the merits. As a result, the failure of Curtin's attorneys to challenge his career offender designation cannot be deemed deficient performance resulting in actual prejudice that would support an ineffective assistance of counsel claim. *See Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990) ("Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."). Accordingly, the Court will deny Curtin's § 2255 Motion.

V.  **Certificate of Appealability**

Curtin has no absolute entitlement to appeal a district court's denial of the Motion. *See* 28 U.S.C. § 2253(c)(1)(B). To appeal this Court's denial of the Motion, Curtin must obtain a certificate of appealability ("COA"). *Id.* A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a Motion to Vacate solely on procedural grounds, a prisoner must

demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'" in order to be entitled to a COA. *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a district court reaches the merits, a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because Curtin has made no such showing, this Court will not issue a COA. Although this Court declines to issue a COA, Curtin may still seek a COA from the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (stating that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").

## CONCLUSION

For the foregoing reasons, Curtin's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is DENIED. The Court declines to issue a certificate of appealability. A separate Order shall issue.

Date: July 26, 2018

THEODORE D. CHUANG
United States District Judge

11