UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.

CHARLES BRIAN CURTIN,

Defendant.

Crim. Action No. TDC-14-0467

## MEMORANDUM ORDER

Pending before the Court is Defendant Charles Brian Curtin's Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF Nos. 138 and 143. On January 28, 2016, the Court sentenced Curtin to concurrent sentences of 200 months of imprisonment for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; and 120 months of imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Curtin is presently designated to the Federal Correctional Institution Petersburg Low ("FCI-Petersburg") in Hopewell, Virginia. Having served approximately 70 months of his 200-month term of imprisonment, Curtin is presently scheduled to be released, assuming good time credits, on February 20, 2029.

In his Motion, Curtin seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and the health risk that exposure to the coronavirus would pose to him in light of his various medical conditions. The Government opposes the Motion on the grounds that Curtin has not demonstrated extraordinary and compelling reasons to justify a sentencing reduction.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i) extraordinary and compelling reasons warrant such a reduction;
>
>         \* \* \*
>
>     and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Curtin argues that the COVID-19 pandemic, along with his various medical conditions, presents "extraordinary and compelling reasons" warranting a sentence reduction to time served. Where Curtin filed a request for compassionate release with the Warden

2

FCI-Petersburg on June 10, 2020 and more than 30 days has passed since that filing, he has satisfied the requirement to exhaust administrative remedies. *See id.*

In the context of the COVID-19 pandemic, the Court finds that where an inmate is incarcerated within a prison in which there is imminent risk of exposure to COVID-19 and is at high risk for death or serious illness from COVID-19 based on age, medical conditions, or other factors, the requirement of "extraordinary and compelling reasons" within the meaning of 18 U.S.C. § 3582(c)(1)(A) that would justify a reduced sentence or release can been satisfied. Here, Curtin, who is 50 years old, argues that compassionate release is warranted because he has a specific vulnerability to COVID-19 based on his medical history of asthma, hypertension, and blood clotting, and because there have been a significant number of cases of COVID-19 at FCI Petersburg. The Centers for Disease Control and Prevention ("CDC") advises that individuals with moderate-to-severe asthma or hypertension "might be at increased risk for severe illness from COVID-19." People with Certain Medical Conditions, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus% 2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Oct. 2, 2020).

Curtin's medical records reveal that Curtin had ongoing asthma as of August 2020 that was "[m]ild [i]ntermittent" and did not identify it as moderate or severe. Opp'n Ex. B at 16, ECF No. 151-1. They characterize his hypertension as "resolved" as of 2017, when he had a normal blood pressure without medication. *Id.* at 66. Although Curtin has a history of blood clots, the CDC has not identified this condition as causing a high risk for severe illness from COVID-19. Thus, although all of these conditions arguably increase Curtin's risk for COVID-19, the Court finds that his medical conditions do not place him at increased risk as defined by the CDC.

3

COVID-19 has had a significant impact on FCI-Petersburg. As of October 2, 2020, there have been 158 cases among inmates and 12 cases among staff. https://www.bop.gov/coronavirus/ (last visited Oct. 2, 2020). At the present time, however, only two of those inmates and one of the staff members have active cases of COVID-19. *Id.* The rest of the inmates and staff have now recovered. *Id.* Curtin is one of the inmates who tested positive, on August 18, 2020. According to medical records, as of August 21, 2020, Curtin had flu-like symptoms, a cough, and fatigue, but had no fever and his lungs were clear. Opp'n Ex. B at 2.

Considering these facts, the Court does not find extraordinary and compelling reasons warranting compassionate release because, despite the significant presences of COVID-19 at FCI-Petersburg, Curtin's medical conditions are borderline in terms of increasing his risk from COVID-19, and because when Curtin actually contracted COVID-19, he did not have a severe case.

Even if there were extraordinary and compelling reasons, compassionate release also requires consideration of the factors in 18 U.S.C. § 3553(a) and an assessment of whether a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Although the relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), it specifically requires consideration of whether the prisoner presents a danger to others or to the community, U.S.S.G. § 1B1.13(2).

Here, the original 200-month sentence appropriately balanced the purposes of sentencing and reflected the nature and circumstances of Curtin's offenses. Although there was no evidence of violent activity associated with his crimes, Curtin's drug trafficking conspiracy involved arranging for interstate shipments of drugs into Maryland, significant quantities of cocaine, and

4

the presence of multiple firearms. The conduct was extremely serious and detrimental to the community. Moreover, Curtin had three prior drug trafficking convictions, was in criminal history category V based on his record of convictions, and qualified as a career offender under the United States Sentencing Guidelines. U.S.S.G. § 4B1.1. Thus, even if his conduct in prison provides a basis to conclude that Curtin has been somewhat rehabilitated, the Court finds that the nature and circumstances of the offenses, combined with the history and characteristics of the defendant, do not justify a reduction in Curtin's sentence to the point of release, even with home confinement, after having served only 35 percent of his sentence. Such a reduced sentence would be insufficient to meet the purposes of sentencing, including the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to provide general and specific deterrence. There also is insufficient basis to conclude that Curtin will not recidivate, and thereby endanger the community through further drug trafficking. Thus, a reduced sentence of the degree sought by Curtin is not consistent with the need to protect the public from further crimes.

Where the reduced sentence is not warranted by the § 3553(a) factors, and the risk of COVID-19 to Curtin is limited by the fact that his medical conditions are not particularly compelling and he had only limited symptoms when he contracted COVID-19, the Court concludes that reducing Curtin's sentence to the point of release under 18 U.S.C. § 3582(c)(1)(A) is not warranted.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Curtin's Motion for Compassionate Release, ECF Nos. 138 and 143, is DENIED.

Date: October 6, 2020



THEODORE D. CHUANG
United States District Judge

5