**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

USDC- GREENBELT
'23 NOV 28 PM 3:31

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | |
| CHARLES BRIAN CURTIN, | Crim. Action No. TDC-14-0467 |
| Defendant. | |

**MEMORANDUM ORDER**

Defendant Charles Brian Curtin has filed a Second Motion for Compassionate Release or for a Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) ("the Second Motion"). ECF No. 162. On January 28, 2016, the Court sentenced Curtin to concurrent sentences of 200 months of imprisonment for conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846; and 120 months of imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Curtin is presently designated to the Federal Medical Center Lexington ("FMC-Lexington") in Lexington, Kentucky, and assuming good time credits, is scheduled to be released on March 15, 2028.

On October 6, 2020, this Court issued a Memorandum Order, ECF No. 155, in which it denied a previous Motion for Compassionate Release filed by Curtin ("the First Motion") based primarily on the impact of the COVID-19 pandemic. The Court incorporates that Memorandum Order by reference for purposes of the Second Motion.

In the Second Motion, Curtin again seeks a reduction of his sentence under the statutory provision commonly referred to as the "compassionate release" provision. As grounds, Curtin primarily argues that (1) the continuing impact of the COVID-19 pandemic, including the severity of conditions of confinement during the pandemic, warrants relief; and (2) there has been an

intervening change in law under which, pursuant to *United States v. Norman*, 935 F.3d 232, 239 (4th Cir. 2019), Curtin would no longer be subject to the career offender enhancement of United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1 because his crime of conviction, a drug trafficking conspiracy under 21 U.S.C. § 846, no longer qualifies as a "controlled substance offense" under U.S.S.G. § 4B1.2(b) as required to permit the application of the career offender enhancement.   U.S.S.G. § 4B1.1(a); *Norman*, 935 F.3d at 239.   He also cites post-offense rehabilitation as an additional basis for granting the Second Motion.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018).   This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence.   *See id.* § 3582(c)(1)(A).   Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentence reduction directly from the Court.   The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1)    in any case that—
>
>    (A)    the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i)    extraordinary and compelling reasons warrant such a reduction;

* * *

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).   Where Curtin filed a request for compassionate release with the Warden of his prison which was denied, he has satisfied the requirement to exhaust administrative remedies.  *See id.*

## I.    Extraordinary and Compelling Reasons

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the United States Court of Appeals for the Fourth Circuit held that because the policy statement in U.S.S.G. § 1B1.13 relating to compassionate release motions was adopted at a time when an inmate could seek compassionate release only from the BOP and not the courts, it was not binding, and district courts may therefore "consider *any* extraordinary and compelling reason for release that a defendant might raise."  *Id.* at 283-84.   Although the United States Sentencing Commission has recently adopted a new § 1B1.13 policy statement, which became effective on November 1, 2023, that policy statement arguably narrows the range of possible extraordinary and compelling reasons.  Therefore, the Court finds that for purposes of Curtin's Second Motion, which was submitted long before that effective date, it must apply the 2021 version of the United States Sentencing Guidelines ("Guidelines") manual in effect at the time of the filing of the Second Motion.  *See* U.S.S.G. § 1B1.11 (barring use of the Guidelines manual in effect on the date of sentencing if it would violate the *ex post facto* clause).  Accordingly, the Court considers the full range of extraordinary and compelling reasons available under *McCoy* without regard to limiting considerations set forth in the new policy statement.

3

A.     **COVID-19**

In his Second Motion, Curtin argues that the circumstances of the COVID-19 pandemic present extraordinary and compelling reasons for a sentence reduction.  Among other issues, he asserts that during the pandemic, the BOP did not take proper measures to protect inmates, he contracted COVID-19 and was transferred to another facility in disregard for his safety, and he had non-COVID-19 medical issues that were not adequately treated.  In October 2020, the Court addressed the impact of COVID-19 in denying the First Motion at a time when the pandemic was at its height, prior to the availability of vaccines.  Upon consideration of Curtin's additional facts and arguments relating to the COVID-19 pandemic, the Court does not find that, considered alone, they establish extraordinary and compelling reasons warranting a sentence reduction or compassionate release.  At this point, the Court does not find that the risk to health and safety is as high as it was at the time of the denial of the First Motion.  Although there is some force to Curtin's argument that the severity of the conditions of confinement in light of the COVID-19 pandemic constitute extraordinary and compelling reasons, Curtin has not demonstrated that his experience during the COVID-19 pandemic in the facilities in which he was incarcerated involved conditions so deficient, or that the impacts upon him were so unusually severe, as to establish, by itself, extraordinary and compelling reasons.

B.     **Career Offender**

 Curtin also argues that there are extraordinary and compelling reasons because under *Norman*, if he were sentenced today, he would not qualify as, and thus would not be sentenced as, a career offender.  Although the Fourth Circuit has not specifically held that this intervening change in law can constitute an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A), it has, in unpublished opinions, acted in accordance with the viability of this

argument. *See United States v. Thomas*, No. 21-7518, 2022 WL 1011933, at \*1-2 (4th Cir. Apr. 5, 2022) (vacating and remanding upon finding that the district court summarily rejected the claim that there were extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A) based on the argument that under *Norman*, the defendant no longer qualified as a career offender); *United States v. Moody*, No. 21-7530, 2022 WL 2901737, at \*1-2 (4th Cir. July 22, 2022) (considering this argument but remanding because the district court erred in a factual finding on the relative impact of the career offender designation). District courts within the Fourth Circuit have accepted the viability of the argument that there could be extraordinary and compelling reasons where a defendant would no longer be deemed a career offender based on *Norman* and have, in some instances, found extraordinary and compelling reasons and granted sentence reductions on that basis. *See, e.g.*, *United States v. Hill*, 649 F. Supp. 3d 200, 210-12 (E.D. Va. 2023) (granting a sentence reduction); *United States v. Childs*, No. 7:16-0026, 2023 WL 4711368, at \*4-6 (E.D. Va. July 24, 2023) (same); *United States v. Spencer*, 521 F. Supp. 3d 606, 609-10 (E.D. Va. 2021) (finding that *Norman* could establish extraordinary and compelling reasons but concluding under the facts of the case that the defendant had not established such reasons), *aff'd*, 853 F. App'x 833 (4th Cir. 2021).

Here, the Government does not dispute that, pursuant to *Norman*, the offense of conviction that triggered Curtin's career offender enhancement, a drug trafficking conspiracy under 21 U.S.C. § 846, is no longer a "controlled substance offense" under U.S.S.G. § 4B1.2 and that Curtin therefore could not be sentenced as a career offender today. The Guidelines range at sentencing with the career offender enhancement, based on a total offense level ("TOL") of 34 and a criminal history category ("CHC") of VI, was 262-327 months of imprisonment. The Guidelines range without the career offender enhancement, based on a TOL of 29 and a CHC of V, would have been

140-175 months of imprisonment.  Accordingly, the applicable Guidelines range if Curtin were not subjected to the career offender enhancement is 122 months lower at the low end of the range and 152 months at the high end of the range, for a difference of approximately 10 to 12 and a half years.  Although Curtin, in fact, was sentenced to a below-Guidelines sentence of 200 months of imprisonment, that sentence was necessarily informed to a significant degree by the career offender Guidelines range.

The Court therefore finds that *Norman* provides extraordinary and compelling reasons that could support a sentence reduction under § 3582(c)(1)(A).  Even if the fact that Curtin would no longer be sentenced as a career offender is insufficient alone to establish such reasons, the Court finds that when this factor is combined with the additional factor of the severity of the conditions of confinement during the COVID-19 pandemic, the requirement of extraordinary and compelling reasons has been satisfied.

## II.    18 U.S.C. § 3553(a)

As discussed above, in light of the timing of Curtin's Second Motion, under *McCoy*, there is no applicable policy statement with which a sentence reduction must be consistent.  *See McCoy*, 981 F.3d at 283-84; 18 U.S.C. § 3582(c)(1)(A).  The Court must still consider the sentencing factors under 18 U.S.C. § 3553(a) in determining whether release or a sentence reduction is warranted.  As discussed in the ruling on the First Motion, Curtin's drug trafficking conspiracy involved the interstate shipment of drugs into Maryland, significant quantities of cocaine, and the presence of multiple firearms.  Thus, although there was no evidence of actual violence associated with the drug trafficking, the conduct was extremely serious and detrimental to the community.  Moreover, Curtin's history and characteristics include three prior drug trafficking convictions.  Based on these factors, the Court finds that even without consideration of the career offender

enhancement, a serious sentence would be warranted. At the same time, the Court acknowledges that the career offender enhancement affected the original sentence, and that Curtin's present sentence creates unwarranted disparities with similar defendants who were not subjected to the career offender enhancement. Moreover, while not alone sufficient to establish extraordinary and compelling reasons, the Court agrees with Curtin that the conditions of confinement during the COVID-19 pandemic were more severe for all inmates in general and Curtin in particular. Finally, the Court recognizes that Curtin has engaged in some post-offense rehabilitation.

For these reasons, the Court finds that a sentence reduction to 175 months of imprisonment, the high end of the Guidelines range that would have applied had Curtin been sentenced without the career offender enhancement, is warranted. Where such a sentence does not result in immediate release and thus affords additional time for post-offense rehabilitation, and where Curtin is already in his 50s and will be at an advanced age relative to other criminal defendants at the time of release, the Court finds that this reduction does not presents a danger to others or to the community. *See* U.S.S.G. § 1B1.13(2).

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Curtin's Motion for Compassionate Release, ECF No. 162, is GRANTED, and Curtin will be re-sentenced to 175 months of imprisonment on Count 1 of the Indictment. An Amended Judgment shall issue.

Date:   November 27, 2023

THEODORE D. CHUANG
United States District Judge